FILED
Jul 15 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ A Cortez  DEPUTY

ORDERED UNSEALED on **09/09/2025**   s/ mariafujita

~~SEALED~~ s/ mariafujita

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YESSICA CERPAS HERNANDEZ (1),<br>JOEY LIZARRAGA (2),<br>VELIA ARCHULETA (3),<br>████████████ (4),<br>THOMAS TELLES (5),<br>PHILIP YSAGUIRRE (6),<br>BRIANNA CASTRO (7),<br><br>　　　　Defendants. | Case No. '25 CR2809 AGS<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Secs. 371 and 1955(a) - Conspiracy to Conduct Illegal Gambling Business; Title 18, U.S.C., Secs. 1956(h) and 1956(a)(1)(A) - Conspiracy to Commit Money Laundering; Title 18, U.S.C., Secs. 981(a)(1)(C), 982(a)(1) and (b), and 1955(d), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |

　　The grand jury charges, at all times material to the Indictment:

**INTRODUCTION**

　　1.　Dream Burner, aka "Dream Burner Smoke Shop," was a business located in Bellflower, California that operated as a gambling establishment.

　　2.　Dream Burner did not have a valid license, under applicable California state laws, to operate as a gambling establishment.

　　3.　Dream Burner was owned and operated by Individual-1, who resided and operated the business from the Imperial Valley, California, located in the Southern District of California.

JYM:nlv(1):San Diego:7/14/25

4. Individual-1, Dream Burner, and its employees did not have valid state gambling licenses to operate or maintain a gambling establishment.

## Count 1

### (Conspiracy to Conduct Illegal Gambling Business)

### [18 U.S.C. § 371]

5. Paragraphs 1 through 4 are re-alleged and incorporated herein.

### THE CONSPIRACY

6. Beginning on a date unknown to the grand jury and continuing to February 1, 2024, within the Southern District of California, and elsewhere, defendants YESSICA CERPAS HERNANDEZ, JOEY LIZARRAGA, VELIA ARCHULETA, ▮▮▮▮▮▮▮▮, THOMAS TELLES, PHILIP YSAGUIRRE, and BRIANNA CASTRO did knowingly and intentionally conspire with other persons known and unknown to the grand jury, to commit an offense against the United States as set forth below:

   a. operating an illegal gambling business, in violation of Title 18, United States Code, Sections 1955 and 2;

   b. maintaining a drug-involved premises, in violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.

### MANNER AND MEANS

7. The objects of the conspiracy were carried out, and were to be carried out, in substance in the following manner:

   a. Members of the conspiracy engaged in the business of operating an illegal gambling establishment in violation of California law.

//
//

2

      b. Members of the conspiracy equipped the illegal gambling establishment with electronic gambling machines that were programmed with games of chance.

      c. Members of the conspiracy who operated the gambling establishment outfitted Dream Burner with exterior and interior video surveillance cameras, which were often monitored remotely by other members of the conspiracy.

      d. Members of the conspiracy sold smoking and vaping products from the front of the Dream Burner premises and allowed selected patrons to gamble using electronic games of chance in the rear of the Dream Burner premises.

      e. Members of the conspiracy also allowed patrons to conduct transactions involving federally controlled substances and to use federally controlled substances while gambling.

      f. Members of the conspiracy, including defendants VELIA ARCHULETA and BRIANNA CASTRO, were employed as cashiers for Dream Burner and would accept cash payment from patrons who wished to gamble. Upon receipt of money from patrons who wished to gamble, members of the conspiracy would unlock the electronic gambling machines for use.

      g. Once a patron had completed gambling, members of the conspiracy, including defendants VELIA ARCHULETA and BRIANNA CASTRO, would cash out gambling patrons when they were finished playing.

      h. Members of the conspiracy, including defendants JOEY LIZARRAGA, [REDACTED], THOMAS TELLES, and PHILIP YSAGUIRRE, were employed as security personnel and/or guards ("security personnel") for Dream Burner. The security personnel screened patrons of Dream Burner and only allowed vetted customers into the gambling areas in the rear of Dream Burner's premises.

      i.    Members of the conspiracy, including defendant YESSICA CERPAS HERNANDEZ, were responsible for hiring employees and managing the personnel at Dream Burner. Defendants ███████████, THOMAS TELLES, and PHILIP YSAGUIRRE would also transfer proceeds of the enterprise via the CashApp payment application to other co-conspirators.

      j.    Members of the conspiracy would transfer proceeds via a peer-to-peer mobile application to co-conspirators who held ownership stakes in Dream Burner, including at least one co-conspirator located in the Southern District of California.

## OVERT ACTS

8.    In furtherance of the conspiracy, and to accomplish its objects, defendants, together with others known and unknown to the grand jury, on or about the dates set forth below, committed and caused to be committed various overt acts, in the Southern District of California and elsewhere, including but not limited to the following:

      a.    <u>Overt Act No. 1</u>:    On or about October 4, 2023, defendant YESSICA CERPAS HERNANDEZ hired defendant BRIANNA CASTRO as an employee of the Dream Burner gambling business.

      b.    <u>Overt Act No. 2</u>:    On or about July 10, 2023, a co-conspirator located in the Southern District of California, who held managerial authority over the Dream Burner business, messaged defendant JOEY LIZARRAGA and appointed LIZARRAGA the employee in charge of security for Dream Burner.

      c.    <u>Overt Act No. 3</u>:    On or about September 16, 2023, defendant JOEY LIZARRAGA transferred $500, which was proceeds of the gambling business, to a co-conspirator located in the Southern District of California.

//

   d. <u>Overt Act No. 4</u>: On or about June 14, 2023, defendant VELIA ARCHULETA transferred $1,615, which was proceeds of the gambling business, to a co-conspirator located in the Southern District of California.

   e. <u>Overt Act No. 5</u>: On or about October 30, 2023, defendant ███ transferred $604, which was proceeds of the gambling business, to a co-conspirator located in the Southern District of California.

   f. <u>Overt Act No. 6</u>: On or about December 16, 2023, defendant THOMAS TELLES transferred $787, which was proceeds of the gambling business, to a co-conspirator located in the Southern District of California.

   g. <u>Overt Act No. 7</u>: On or about January 18, 2024, defendant PHILIP YSAGUIRRE transferred $320, which was proceeds of the gambling business, to a co-conspirator located in the Southern District of California.

   h. <u>Overt Act No. 8</u>: On or about February 1, 2024, defendant BRIANNA CASTRO worked as a cashier at the Dream Burner gambling business.

All in violation of Title 18, United States Code, Section 371.

## Count 2

**(Conspiracy to Commit Money Laundering)**

**[18 U.S.C. § 1956(h)]**

9. Paragraphs 1 through 4 are re-alleged and incorporated herein.

10. Beginning on a date unknown to the grand jury and continuing up to and including February 1, 2024, within the Southern District of California, and elsewhere, defendants YESSICA CERPAS HERNANDEZ, VELIA ARCHULETA, ███ THOMAS TELLES, and PHILIP YSAGUIRRE did knowingly conspire with other persons known and unknown to the grand

jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

  a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, operating an illegal gambling business, with the intent to promote the carrying on of specified unlawful activity, that is, operating an illegal gambling business, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 and 2 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and (b), and 1955(d), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense alleged in Count 1 of this Indictment, and pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d) and Title 28, United States Code, Section 2461(c), defendants YESSICA CERPAS HERNANDEZ, JOEY LIZARRAGA, VELIA ARCHULETA, [redacted], THOMAS TELLES, PHILIP YSAGUIRRE, and BRIANNA CASTRO, shall forfeit to the United States, all property, real and personal, which constitutes and is derived from proceeds traceable to the violation, and any property used in the violation.

3. Upon conviction of the offense alleged in Count 2 of this Indictment, and pursuant to Title 18, United States Code,

Section 982(a)(1), defendants YESSICA CERPAS HERNANDEZ, VELIA ARCHULETA, ████████, THOMAS TELLES, and PHILIP YSAGUIRRE, shall forfeit to the United States, all property, real and personal, involved in such offense, and all property traceable to such property.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), which incorporate the provisions of Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and (b), and 1955, and Title 28, United States Code, Section 2461(c).

DATED: July 15, 2025.

ADAM GORDON
United States Attorney

By: /s/
KEITH ELLISON
JAMES MIAO
Assistant U.S. Attorneys